**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT TERRY and                                                                    PLAINTIFFS
JOHN STAFFORD

v.                                          NO. 4:11CV00645 JLH

CITY OF OLA                                                                          DEFENDANT

**OPINION AND ORDER**

Robert Terry and John Stafford bring this action against the City of Ola, Arkansas, alleging that the City has willfully violated the Fair Labor Standards Act by classifying them as exempt and failing to pay overtime. The City of Ola has responded by denying many of the allegations and setting out several affirmative defenses. The plaintiffs have moved to strike the affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In response, the City has withdrawn one affirmative defense, namely, that the plaintiffs' claims are barred because they have failed to exhaust their administrative remedies.

Rule 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Eighth Circuit has noted that the rule is stated in the permissive, so the district court enjoys "liberal discretion" in deciding whether to grant a motion to strike. *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Id.*, quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). As a leading treatise explains:

> Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well founded, Rule 12(f) motions often are not granted

> in the absence of a showing of prejudice to the moving party. Nonetheless, these motions are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts. . . . In sum, a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.

5C Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURES § 1381 (3d ed. 2004).

Here, many of the allegations listed under the heading "Defenses" are appropriate in the context of this case even if some of them are not actually affirmative defenses but simply reiterations of the fact that the City of Ola denies that it is liable. In this category are the allegations that the complaint fails to state a claim upon which relief can be granted, that the defendant did not violate any provision of the Fair Labor Standards Act, that the plaintiffs are not entitled to compensation as requested in their complaint, that the defendant did not willfully deprive the plaintiffs of any wages that they are due and acted in good faith, that all or part of the work for which the plaintiffs seek compensation does not constitute compensable working time, and that the plaintiffs' claims are barred by the portal to portal act, as well as the *de minimis* doctrine. All of these "defenses" are appropriate in the context of this case even if some of them are not affirmative defenses but simply alternative ways of denying the plaintiffs' claims.

The other "defenses" have no apparent application in this context: that the alleged damages did not occur as a result of any policy, custom, or practice of the City of Ola, that the plaintiffs failed to mitigate their damages, and the final allegation listed as a defense, which is: "Defendant asserts any and all applicable affirmative defenses in Fed. R. Civ. P. 8(c), including but not limited to: (a) accord and satisfaction; (b) payment; (c) fraud; (c) [sic] illegality; (d) payment; and (e) release." Because those defenses have no apparent application in this context, the Court grants the motion to

strike as to those defenses, without prejudice to the right of the City of Ola to move to amend the answer to state those defenses upon a showing that those defenses have some application to the instant case.

For the reasons stated, the motion to strike is granted in part and denied in part. Document #8.

IT IS SO ORDERED this 1st day of November, 2011.

                                              /s/ J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE